UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CARLTON JAMES, | : |
|     Petitioner, | :   NO. 1:07-CV-330 |
| | : **OPINION AND ORDER** |
|     v. | : |
| ERNIE MOORE, WARDEN, | : |
|     Respondent. | : |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 12), and Respondent's Objections to the Report (doc. 16). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

The Court incorporates here the thorough recitation of the procedural and factual background found in the Magistrate Judge's Report and Recommendation (doc. 12). Petitioner, an inmate in state custody, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 19, 2007, alleging the following seven grounds for relief: (1) jury erred to prejudice appellant by finding him guilty of murder and weapons under disability, as those findings were not supported by sufficient evidence and State failed to meet burden of proof; (2) jury erred to prejudice appellant finding him guilty, as findings were contrary to law, and were against the manifest weight of the evidence; (3) trial court erred to prejudice appellant by

overruling his motion for acquittal, as State failed to meet its burden of proving appellant guilty; (4) trial court erred to prejudice appellant by allowing the prosecution to dismiss three black jurors; (5) trial court erred to prejudice appellant by not granting motion to suppress his statement, as appellant was denied his right to counsel and was physically threatened by the police; (6) appellant was denied his rights of due process and assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution, Article I, Sections 10 and 16 of the Ohio Constitution because trial counsel provided ineffective assistance by advising appellant to plead guilty instead of no contest, foreclosing his right to appeal the denial of his motion to suppress; and (7) trial court erred to prejudice appellant by not sustaining his objection and allowing the prosecution to question him about carrying a gun (doc. 1).

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the factual and procedural background, and concluded that "petitioner has failed to establish that the findings of the state appellate court are unreasonable so as to justify federal habeas corpus relief" (doc. 12, citing Williams v. Taylor, 529 U.S. 362 (2000)). The Magistrate Judge first considered Petitioner's first and third grounds for relief, in which Petitioner contended that his convictions were not supported by sufficient evidence, and found they were without merit (Id.).

After reviewing the First District Court of Appeals findings on this argument, the Magistrate Judge agreed that the evidence supported a finding of guilt beyond a reasonable doubt, and therefore the state court of appeals' determination was not contrary to, or an unreasonable application of clearly established federal law (Id., citing Jackson v. Virginia. 443 U.S. 307, 316 (1979)).

Next, the Magistrate Judge considered Ground Two of the petition, that Petitioner's convictions were against the manifest weight of the evidence, and determined that this ground was not cognizable in habeas corpus (Id., citing among others Tibbs v. Florida, 457 U.S. 31, 41-47 (1982). As the Magistrate Judge found, "a 'manifest weight of the evidence' claim, which is based on a state law concept that is 'both quantitatively and qualitatively different' from a constitutional due process sufficiency of evidence standard, raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding such as this" (Id., citing 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984)).

Likewise, the Magistrate Judge found without merit Ground Four of the petition, that Petitioner was denied his Fourteenth Amendment rights to equal protection and due process when the trial court "allow[ed] the prosecution to dismiss 3 black jurors because of their race" in violation of Batson v. Kentucky, 476 U.S. 79

(1986) (Id.). The Magistrate Judge reviewed the dismissal of each of the three jurors under the Batson standard, and found that the Ohio Court of Appeals' decision on this claim was not an objectively unreasonable application of Batson and its progeny (Id.). In regards to Ground Five of the petition, in which Petitioner asserts that he was denied his right to counsel and physically threatened by police when he was questioned about and confessed to the murder of Rashad Barnes, the Magistrate Judge reviewed the findings of the Ohio Court of Appeals, and determined that the state court did not err in finding Petitioner's statements voluntary and in holding that his constitutional rights were not violated by the admission of his confession (Id.).

The Magistrate Judge next considered Ground Six, which asserts that trial counsel provided ineffective assistance of counsel because he advised petitioner to plead guilty instead of no contest to the offenses relating to the death of Tony Johnson, foreclosing his right to appeal the denial of his motion to suppress (Id.). The Magistrate Judge found that the Ohio Court of Appeals correctly reviewed Petitioner's claim under the Strickland standard, and that the determination that Petitioner failed to demonstrate his counsel was ineffective was correct (Id.).

Finally, the Magistrate Judge determined that Ground Seven of the petition, where Petitioner claimed the trial court erred by permitting questioning on cross-examination concerning

whether petitioner ever carried a gun, to be without merit (Id.). The Magistrate Judge noted that "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." (Id., quoting McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir.)). The Magistrate Judge concluded that "Petitioner's claim...is not cognizable on federal habeas review because it involves a violation of state evidentiary rules" (Id.).

Petitioner objects to the Report and Recommendation with regards to Grounds One, Three, Four, and Six (doc. 16). First, Petitioner disputes the Report and Recommendation's conclusion that there was sufficient evidence to support Petitioner's convictions (Id.). Petitioner reiterates his view of the evidence, concluding that the evidence was insufficient to support his convictions, and argues that an opposite conclusion is contrary to clearly established federal law (Id.). Next, in regards to his fourth ground for relief based on Batson, Petitioner contends that the reasons given by the prosecutor for dismissing three African-American jurors were not sufficient (Id.). Petitioner also objects to the Magistrate Judge's conclusions regarding Petitioner's ineffective assistance of counsel claim (Id.). Petitioner contends that in advising him to plead guilty rather than no contest,

counsel forfeited his right to appeal without Petitioner's consent (Id.).

Petitioner's objections simply reiterate the arguments made in his petition. The Magistrate Judge carefully reviewed each of Petitioner's Grounds for relief and found that Petitioner failed to establish that the findings of the state appellate court were unreasonable as to justify federal habeas corpus relief (doc. 12). Upon review of the entire record, including Petitioner's objections, the Court agrees with the Magistrate Judge's conclusion. Having fully considered this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. However, the Court commends Petitioner on a well written and thorough pro se petition.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Respondent's objections and ADOPTS the Report and Recommendation in its entirety (doc. 12). Therefore, the Court:

1) DENIES WITH PREJUDICE the petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).

2) DOES NOT ISSUE a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3) CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an

appeal of this Order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

SO ORDERED.

Dated: December 10, 2008    <u>/s/ S. Arthur Spiegel</u>
S. Arthur Spiegel
United States Senior District Judge